UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB WRIGHT, | No. C 09-2913 MHP |
| Plaintiff, | |
| v. | **ORDER** |
| CAROLYN WILCOXON, DAVID GUNDRED, RAUL BONILLA, RUBEN PAIZ, DOES 1, and UNITED AIRLINES, INC. | |
| Defendants. | |

On June 26, 2009, plaintiff Bob Wright filed a complaint, pro se, against defendants Carolyn Wilcoxon, David Gundred, Raul Bonilla, Ruben Paiz and United Airlines, Inc. ("United"), alleging employment discrimination relating primarily to requests for medical leave. Plaintiff filed a first amended complaint on September 1, 2009. The operative complaint lists five federal and state statutes as bases for plaintiff's claims: the California Fair Employment and Housing Act, the federal Family and Medical Leave Act of 1993, the California Family Rights Act,[1] the federal Americans with Disabilities Act of 1990, and the federal Age Discrimination in Employment Act of 1967. Now before the court is United's renewed motion for a more definite statement under Federal Rule of Civil Procedure 12(e). Having examined the complaint, the court <u>sua sponte</u> dismisses plaintiff's claims, without prejudice, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

1  "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss
2  it for failure to state a claim." Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981).  A court will
3  grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a claim to relief that is
4  plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  A plaintiff's complaint
5  may be dismissed either for failing to articulate a cognizable legal theory or for not alleging
6  sufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696,
7  699 (9th Cir. 1990).  A court must begin by "identifying pleadings that, because they are no more
8  than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, ___ U.S. ___, ___,
9  129 S.Ct. 1937, 1950 (2009).  "While legal conclusions can provide the framework of a complaint,
10 they must be supported by factual allegations.  When there are well-pleaded factual allegations, a
11 court should assume their veracity and then determine whether they plausibly give rise to an
12 entitlement to relief." Id.
13  Plaintiff is an African-American male under treatment for hypertension and diabetes.  He has
14 been employed by United since 1975 and is currently a lead mechanic.  Plaintiff is involved in a
15 dispute with his employer regarding plaintiff's entitlement to take leave.  The operative complaint
16 alleges a series of events and interactions between plaintiff, United, United employees, and
17 government agencies, stretching from 1995 through the present, which mostly, though not entirely,
18 pertain to plaintiff's grievances regarding United's leave policies.
19  The operative complaint fails to meet the pleading standard set forth by Federal Rule of Civil
20 Procedure 8. See Fed. R. Civ. P. 8(a).  Although plaintiff's use of the plural "defendants" in the
21 complaint seems to imply that the allegations are directed against multiple or all named defendants,
22 each count and the various subsections demarcated by different headings appear to direct the claims
23 to certain defendants.  For example, count three of the complaint contains three subsection headings,
24 each directed at one particular defendant.  The first heading indicates that the Family and Medical
25 Leave Act cause of action is directed against Wilcoxon; however, the subsection references
26 Wilcoxon in only one sentence and does not make any allegation other than that Wilcoxon ordered
27 Gundred to "write up" plaintiff. See FAC ¶ 34.  Similarly, other subheadings refer to specific
28

1  defendants where the text of the complaint alleges facts pertaining to unidentified defendants or
2  defendants other than the one named in the respective subheading.  Throughout the complaint, it is
3  unclear which causes of action are directed against which defendants.  Indeed, as United points out,
4  it is impossible to determine whether United is a defendant at all, as there are no allegations
5  specifically pertaining to United even though it is named as a defendant in the complaint's caption.
6  In short, plaintiff has lumped defendants all together in his complaint and has not indicated which
7  defendant has allegedly committed which violation of plaintiff's rights.  This is insufficient to place
8  any of the defendants on notice of the specific claims against it.  See Gauvin v. Trombatore, 682 F.
9  Supp. 1067, 1071 (N.D. Cal. 1988) (Weigel, J.).

10      Furthermore, plaintiff cites various statutes but does not allege facts supporting the elements
11  necessary to find violations of the statutes.  For example, to allege a violation of the Americans with
12  Disabilities Act ("ADA"), a plaintiff must allege facts showing plaintiff: (1) is an employee; (2) has
13  a disability; (3) is a "qualified individual" capable of performing the essential functions of the job
14  with or without reasonable accommodation; and (4) was unlawfully discriminated against because of
15  his disability.  42 U.S.C. § 12112(a); Kennedy v. Applause, Inc., 90 F.3d 1477 (9th Cir. 1996).
16  Although plaintiff alluded to a medical condition in the amended complaint, it is impossible, without
17  more information regarding this condition, to determine if it qualifies as a disability under the ADA.
18  In addition, plaintiff fails to indicate how he was discriminated against because of his disability.  To
19  survive dismissal, a complaint must allege facts supporting the required elements of each claim and
20  must set forth claims in a plain manner.

21      For the foregoing reasons, the operative complaint is DISMISSED without prejudice to the
22  filing of an amended complaint.  Any amended complaint shall be filed within forty-five (45) days
23  of entry of this order.

24      IT IS SO ORDERED.

25  Dated: September 23, 2009

26                                                            MARILYN HALL PATEL
                                                              United States District Court Judge
27                                                            Northern District of California

28

3

# **ENDNOTES**

1.   The operative complaint references the "California Medical Leave Act."  California has no statute by this name, so the court assumes that plaintiff intended to reference the California Family Rights Act.